[Civ. No. 28763.   Second Dist., Div. Three.   Nov. 1, 1966.]

BENJAMIN F. WORCESTER, Plaintiff and Respondent, v. NORMA E. WORCESTER, Defendant and Appellant.

Norma E. Worcester, in pro. per., Stapleton & Isen, F. B. Stapleton and Marion T. Weinberg for Defendant and Appellant.

Pettler, Gamble & Yardum, Alfred L. Armstrong and Le Vone A. Yardum for Plaintiff and Respondent.

SHINN, P. J. — The appeal was taken by Norma E. Worcester from a decree in an action for partition instituted by Benjamin F. Worcester. The parties were divorced in 1962 by a decree which awarded each of them a divorce from the other. Shortly thereafter Benjamin filed this action.

The parties owned four parcels of land in the northwest quarter of section 2, township 1 south, range 17 west, San Bernardino meridian, a mountainous area in Los Angeles County, commonly known as Topanga Canyon. One parcel was two acres located east of Old Topanga Canyon Road, one was four acres west of the road, in the southeast quarter, the third was the northwest quarter also known as lot 4, and the fourth was the southwest quarter, all in the northwest quarter of the section. The four parcels were owned in joint tenancy and were the subject of the partition action. According to the briefs Norma owned a small piece lying westerly of lot 4 but separated from lot 4 by about one acre which belonged to one Whitsen.

May 8, 1963, the parties were in court. Norma was represented by Attorney Green. A stipulation was entered into for allotment of several parcels to the respective parties. Although this stipulation was not carried out, it stated the manner in which the several parcels were subsequently allocated; Benjamin was to get the two acres in the southeast quarter and lot 4, and Norma was to get the four acres and the southwest quarter.

The stipulation read in part: "The parties shall take such steps as may be necessary to provide a forty foot easement of access to the North forty—that is, Lot 4 being set over to the Plaintiff, and also an easement, which will be the same easement, which shall be for the benefit of the property owned by Mrs. Worcester or the children of the parties, which is next to the Whitsen property, just to the west of the north forty acres. This easement to be set apart shall be appurtenant to the north forty acres." And the stipulation contained the following provision: "In the event this settlement and stipula-

tion is not fully consummated, it shall all be null and void and without prejudice to the parties' rights in this action.''

The parties failed to agree upon a route for the easement and were again in court July 15, 1963. They entered into a stipulation, dictated by Mr. Green which provided for allocation of the parcels as previously agreed upon but made no mention of Norma's desire, as expressed May 8th, that the easement be extended over lot 4 so as to provide access to her separately owned parcel. The stipulation read in part: ''Furthermore, the parties recognizing that the north 40 acres set aside and awarded to plaintiff would be landlocked without the allocation of a right of way thereto, the parties stipulate and agree that the Court may appoint one referee to fix and determine the proper, most accessible and practical route or right of way over the property awarded and set over to defendant for the benefit of plaintiff, and the owners, grantors, successors and assigns of the north 40 acres, and in connection therewith—THE COURT: That easement will run from Old Topanga Road? MR. GREEN: Yes.''

The court filed its interlocutory decree August 30, 1963. It provided for allocation of the four parcels as stated in the July 15th stipulation; Mr. Spivak was appointed referee and Mr. Blanchard, a surveyor, was appointed to assist the referee. Mr. Spivak entered upon performance of his duties and filed a comprehensive report January 31, 1964. Attached to the report was a map prepared by Mr. Blanchard and another surveyor selected by the referee to assist. The map delineated an easement 40 feet in width which extended westerly from Old Topanga Canyon Road in a meandering course to a point in the north line of the southwest quarter 185.46 feet west of the east line of the quarter. Thus the easement gave lot 4 access to the road but it did not extend to the west line of lot 4 so as to give access to the Whitsen property, and, consequently, did not benefit Norma's small parcel.

Following the filing of the referees' report Benjamin gave notice of a motion to confirm the report. Norma changed attorneys. March 9, 1964, the new attorneys filed objections for Norma to the report and they gave notice of a motion for an order giving new instructions to the referee. With the objections a declaration of Norma was filed. She pointed out that the proposed easement would divide her 40-acre parcel; she kept animals and would have to build 1,800 feet of fencing; a large part of her best land would be taken; a better route and one less damaging to her would be along the north line of her

four acres in the southeast quarter. The ground of the motion for new instructions to the referee was that no provision was made in the report for extension of the easement for the benefit of Norma's separately owned parcel which lay outside the land to be partitioned.

The cause came on for hearing March 17, 1964. The parties were given an opportunity to present evidence. Mr. Spivak testified as to the manner in which the route for the easement was selected. Norma produced no evidence other than her declaration. Norma's attorneys argued at length that the proposed easement would take too much of Norma's good land; that it would be adjacent to a house under construction on her four acres, and that there could be a route which would be less damaging to her. When the arguments had been concluded the court overruled Norma's objections, denied her motion for new instructions to the referee, confirmed the report of the referee and proceeded to enter judgment.

The appeal is from the judgment; appeals were noticed from the orders denying the motion for instructions to the referee, overruling the objections and confirming the report. These orders being nonappealable must be dismissed.

We consider first the contention that the easement should have been extended over lot 4 to its western boundary. It is not contended that Norma had a legal right to an easement over lot 4 and it is clear that she had none. ▮▮ The court had no authority to impress an easement upon Benjamin's lot 4 for the benefit of Norma's parcel which did not even adjoin the property to be partitioned, unless the parties agreed and stipulated that the decree might provide for such an easement. It is not contended on the appeal that such an agreement existed. It is true that it was contemplated at the time of the May 8 stipulation that the parties might reach such an agreement, but that stipulation was nullified in its entirety when they failed to agree.

The brief of appellant aims bitter criticism at Mr. Green because in the July 15 stipulation he did not insist that Norma be given the easement which she desired. Mr. Green is accused of neglect of Norma's interests, and of having stipulated away a substantial right which she had, without her knowledge and consent. Much is said in the brief as to the authority of attorneys to bind their clients, but the discussion is purely academic. The criticism of Mr. Green is unwarranted. He knew Norma could not acquire an easement over lot 4 without the

consent of Benjamin and that Benjamin had refused to agree to it. Moreover, Norma was present and listening when the July 15 stipulation was made and she voiced no objection to it.

The argument of Norma's attorneys in the hearing on the referee's report that Norma should have been given the easement she sought was specious. The interlocutory decree had made no provision of such an easement, an appeal could have been taken (Code Civ. Proc., § 963), no appeal was taken and the decree had become final. Omission of a provision for the kind of easement Norma wanted was not the result of mistake; it was what the parties had agreed upon.

■ Another contention of appellant is that in the hearing upon the referee's report the court abruptly ended the hearing without giving her attorneys an opportunity to be heard. This is a contention which should not have been made. It is true that the new attorneys were unfamiliar with the case, but they had been in the case for a month before the hearing, and Mr. Spivak's report had been on file for a month and a half. If the attorneys had had insufficient time to prepare for a hearing the court no doubt would have granted a continuance, but they chose not to ask for one. At the time of the hearing they had nothing to offer except argument against the location of the easement. They argued, without any supporting facts, that a route could have been chosen which would be less disadvantageous to Norma, and they suggested that a topographical map should be prepared ''so that we know what we are talking about in terms of height or depth.'' Mr. Spivak testified at some length concerning his reasons for choosing a route for the easement. If the attorneys had desired information as to the terrain, which they obviously did not have, Mr. Spivak could have given it to them. They chose not to cross-examine him on that subject. Two surveyors had worked on the job; they could have been required to attend with their field notes and they could have given facts and figures upon which they based their conclusions as to the best route for the easement. After listening patiently to the arguments of the attorneys, which were far from enlightening, the judge suggested there should be some end to argument. After reading the arguments we cannot see that the judge spoke abruptly or out of turn. Appellant had a fair hearing, such as it was. The fact that it was brief was due to the failure of Norma's attorneys to produce anything in the way of evidence to support the objections, which they were given an opportunity to do.

Another contention is that the reference was made under section 638, Code of Civil Procedure: "A reference may be ordered upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes or in the docket: 1. To try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a finding and judgment thereon; 2. To ascertain a fact necessary to enable the court to determine an action or proceeding." ▆▆ It is argued that the reference was special "to ascertain a fact necessary to enable the court to determine an action or proceeding"; that the referee made no findings, that the court was therefore required to make findings, and made none. The cases cited by appellant upon this point considered references made under section 638, but the reference here made was pursuant to the procedure in actions for partition, to which section 638 does not apply. The referee was directed by the interlocutory decree "to fix and determine the proper and most accessible and practical route or right of way over the properties awarded and set over to the defendant, NORMA E. WORCESTER, for the benefit of plaintiff and the owners, grantees, successors and assigns of the plaintiff and the North 40 acres, such easement to run from Old Topanga Canyon Road westerly to the North 40 acres herein awarded to the plaintiff. ¶4. Such easement and right of way shall be appurtenant to the North 40 acres and shall not exceed 40 feet in width, and in all portions thereof to be of such width as is reasonably practical for the purpose of ingress and egress from Old Topanga Canyon Road to said North 40 acres for normal present day vehicular traffic."

Procedure in actions for partition is found in sections 752-801.15, Code of Civil Procedure. The referee is required to report to the court the manner in which he has performed his duties. Section 763 reads in part: "The court may confirm, change, modify, or set aside the report in whole or in part, and, if necessary, appoint new referees." ▆▆ The report of Mr. Spivak contained a statement of all the facts essential to the location of the easement. Confirmation of the report was an adoption by the court of the facts so stated. As stated in the report the route selected and shown on the map was the one chosen by the referee as the "proper, most accessible, practical and economically feasible, both for the present and the future route or right-of-way for present day vehicular traffic. . . ." Being satisfied from the evidence before it that the purpose of the reference had been fully and correctly accomplished, nothing remained to be done by the court except to confirm the

report and enter a judgment which established an easement in accordance therewith.

An entirely different question would have arisen if the court had failed to agree that the route selected by the referee was the proper one and had undertaken to change or modify the report. We need not consider what the procedure should be in such a case. When the court was in full agreement with the report findings by the court would have been surplusage.

It is argued that the easement was created out of necessity and that it should have been limited to the duration of the necessity, and to end if some other means of access to lot 4 should come into being. This is a mere afterthought. It is clear that the parties had no such thought in mind; nor did the interlocutory decree, which is now final, contain any such limitation. The further contention that Norma, as owner of the servient estate, had a right to select the route of the easement is contrary to the provisions of the decree and untenable.

The brief of appellant asserts that the referee, in performing his duties, was arbitrary and capricious, exceeded his authority and was guilty of misconduct. This accusation, like the one directed against the trial judge, is unwarranted and wholly without support in the record.

Upon the request of respondent the record was augmented by inclusion of a stipulation of the parties at the time of the trial waiving findings. The stipulation furnishes further reason for holding untenable appellant's contention that findings should have been made by the court in passing upon the referee's report.

We notice that in the interlocutory decree one parcel allocated to appellant was described as the southwest quarter of section two. However, elsewhere in the interlocutory decree and in the final decree the parcel is correctly described as the southwest quarter of the northwest quarter of the section and the misdescription should be disregarded as a clerical error.

The judgment is affirmed.

Ford, J., and Kaus, J., concurred.